

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00024-CV

_____

IN THE INTEREST OF A.W. AND M.W., CHILDREN

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 40,040

Before Morriss, C.J., Burgess and Stevens, JJ.

# O R D E R

Mother and Father have appealed from the termination of their parental rights to A.W. and M.W.

The clerk's record in this matter was filed February 27, 2019, and the reporter's record was filed April 4, 2019. A supplemental reporter's record containing a transcription of the hearing on Mother and Father's joint motion for new trial was filed May 13, 2019.

Pending before this Court is the appellants' Joint Motion to Correct Inaccuracies in Appellate Record in which the appellants complain that certain exhibits that were marked, offered, and admitted during the new trial hearing were not included in the reporter's transcription of that hearing.

Since the appellants have raised issues regarding the accuracy of the reporter's record after it has been filed in this Court, we will submit this dispute to the trial court for resolution under Rule 34.6(e)(3) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(e)(3). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rule 34.6(e), subsections (2) and (3), for the purposes of (1) determining whether all portions of the record to which the appellants are entitled have been provided to them and filed with this Court and (2) identifying and correcting, if possible, any inaccuracies in the reporter's record that has been filed and provided to the appellants.

We instruct the trial court to conduct an evidentiary hearing within ten days of the date of this order and to enter findings regarding the following:

2

1.      Precisely what portions of the record (including exhibits) the appellants (or any other party) claim are missing and/or what parts of the record the appellants (or any other party) claim are inaccurate (including every exhibit that they claim is incomplete or inaccurate);

2.      For each error or omission identified in response to No. 1 above, whether the issue can be resolved by agreement as contemplated by Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure;

3.      If such error or omission can be corrected by agreement, then the trial court is instructed to take steps to ensure that the reporter's record is corrected in accordance with the parties' agreement;

4.      If such error or omission cannot be corrected by agreement, then the trial court is instructed to take the steps outlined in Rule 34.6(e)(2) of the Texas Rules of Appellate Procedure to resolve the dispute and correct the record;

5.      For each error or omission identified in response to No. 1 above, whether any missing exhibit or portion of the reporter' record has been lost or destroyed as contemplated by Rule 34.6(f) of the Texas Rules of Appellate Procedure;

6.      For each exhibit or portion of the reporter's record that is determined to be lost or destroyed, if any, the trial court is instructed to take evidence on and enter findings regarding each of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether the appellants are entitled to a new trial as a result of the lost or destroyed exhibit or portion of the record.

7.	We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within ten days of the date of the hearing. The reporter's record of the hearing, and any certified corrections to the reporter's record under Rule 34.6(e)(2), shall be filed in the form of a supplemental reporter's records within ten days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record.  We withdraw the current briefing deadline and will establish a new briefing schedule once the case is returned to our jurisdiction from abatement.

IT IS SO ORDERED.

BY THE COURT

Date:	May 21, 2019